# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2018

Lyle W. Cayce
Clerk

————

No. 18-30257

————

ATCHAFALAYA BASINKEEPER; LOUISIANA CRAWFISH PRODUCERS
ASSOCIATION-WEST; GULF RESTORATION NETWORK;
WATERKEEPER ALLIANCE; SIERRA CLUB, and its Delta Chapter,

> Plaintiffs - Appellees

v.

UNITED STATES ARMY CORPS OF ENGINEERS,

> Defendant

BAYOU BRIDGE PIPELINE, L.L.C.,

> Intervenor Defendant - Appellant

————————

Appeal from the United States District Court
for the Middle District of Louisiana

————————

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Before the court is Defendant-Appellant's motion for stay of the
preliminary injunction pending appeal.

Having reviewed the arguments submitted in the briefing and at oral
argument, and having considered the factors for a stay, *see Planned
Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410

(5th Cir. 2013), we determine that a stay is warranted. Defendant-Appellant is likely to succeed on the merits of its claim that the district court abused its discretion in granting a preliminary injunction. Rather than granting a preliminary injunction, the district court should have allowed the case to proceed on the merits and sought additional briefing from the Corps on the limited deficiencies noted in its opinion.

It is ORDERED that the request for a stay of the district court's extraordinary remedy pending appeal be GRANTED.

It is FURTHER ORDERED that the pending appeal be EXPEDITED to the next available oral argument panel.

OWEN, Circuit Judge, concurring:

I concur in granting a stay of the preliminary injunction pending appeal. However, it is not clear that additional briefing in the district court would remedy the United States Army Corps of Engineers' order granting a construction permit to Bayou Bridge Pipeline, L.L.C. (BBP) if the order is deficient because of a failure to provide adequate reasons for permitting BBP to purchase out-of-kind mitigation bank credits as a means of environmental mitigation. I nevertheless am persuaded that BBP has demonstrated a likelihood of success on the merits on appeal and that a stay of the preliminary injunction is warranted, provided that this court resolves this appeal on an expedited basis so that Atchafalaya Basinkeeper's challenges to the permit are not mooted by the completion of construction or irreparable alterations to the Atchafalaya Basin.

In assessing the likelihood of success on the merits of Atchafalaya Basinkeeper's contentions that the Corps had unlawfully issued the permit, the district court implicitly concluded that vacatur of the order granting the permit would be the proper remedy were the court to conclude, on the merits, that the Corps' order lacked adequate reasoning. Instead of vacating the permit, the district court could seek an additional or supplemental ruling from the Corps to address the lack of explanation that is of concern.

As the D.C. Circuit has recognized, "[a]n inadequately supported [agency action] . . . need not necessarily be vacated." *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993). "[I]n deciding whether to vacate a flawed agency action, the district court should be guided by two principal factors: (1) 'the seriousness of the . . . deficiencies' of the action, that is, how likely it is 'the [agency] will be able to justify' its decision on remand; and (2) 'the disruptive consequences of vacatur.'" *Heartland Reg'l Med. Ctr. v.*

*Sebelius*, 566 F.3d 193, 197 (D.C. Cir. 2009) (quoting *Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027, 1048-49 (D.C. Cir. 2002)). The Fifth Circuit has similarly held that an agency's failure to provide reasons supporting a determination does not necessarily require vacatur, stating that "[c]ourts have explained that 'remand is generally appropriate when "there is at least a serious possibility that the [agency] will be able to substantiate its decision" given an opportunity to do so, and when vacating would be "disruptive." ' " *Cent. & S.W. Servs., Inc. v. EPA*, 220 F.3d 683, 692 (5th Cir. 2000) (quoting *Radio–Television News Dirs. Ass'n v. FCC*, 184 F.3d 872, 888 (D.C. Cir. 1999) (quoting *Allied-Signal, Inc.*, 988 F.2d at 151)). The district court could give the Corps the opportunity to provide any missing rationale regarding the mitigation credits without setting aside the order granting the permit to BBP. Given the familiarity that the Corps and other federal agencies have with the Atchafalaya Basin and the mitigation credit bank that was created specifically for the Basin, and given the Corps' defense of its order in the district court, BBP has shown a likelihood of success on the merits that the Corps will be able to substantiate its decision, given the opportunity to do so. BBP has also made a showing that halting ongoing construction of the pipeline is disruptive.

No. 18-30287

W. EUGENE DAVIS, Senior Circuit Judge, dissenting:

I respectfully dissent. I agree with the district court that the Section 404 Environmental Assessment ("EA") prepared by the U.S. Army Corps of Engineers (the "Corps") did not comply with the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq., because it did not adequately explain how the proposed compensatory mitigation plan would reduce the impacts of the pipeline construction below a significant level. The district court held that the Corps did not explain how the bottomland hardwood credits Bayou Bridge Pipeline, LLC, proposed to purchase would mitigate the loss of function and services of the bald-cypress/tupelo swamp that Bayou Bridge planned to destroy.

The majority recognizes this deficiency but concludes that the Corps can provide a ready explanation for the substitution of out-of-kind bottomland hardwoods as compensation for destroying bald-cypress/tupelo swamp in the Atchafalaya Basin. This ready explanation was not provided to the district court or to us. That should be the end of the inquiry for this motions panel. I have found no authority allowing this motions panel to act other than to grant or deny the stay; moreover, it is beyond the authority of this panel to suggest that the district court require additional action by the Corps. That is particularly true here where Bayou Bridge neither requested this relief in the district court nor briefed this alternative to us.

When out-of-kind mitigation measures are chosen by the Corps, it must, at the very least, explain and document its basis for doing so in the administrative record.[1] That is, the Corps must explain how the out-of-kind mitigation measures replace the "lost functions and services" of the bald-

---

[1] *See* 33 C.F.R. § 332.3(e)(2).

cypress/tupelo swamp.[2] When this is not done, the Administrative Procedure Act (the "APA"), 5 U.S.C. § 500 et seq., requires that the Corps's action "shall . . . [be] set aside."[3] Instead of affirming the district court's grant of the relief the APA requires, the majority apparently hopes that the Corps can adequately explain this substitution if the district court remands to the Corps for that purpose.[4]

In permit cases where the merits panels of circuit courts have decided that further explanation by the Corps may fix the defects in the EA, the court has not vacated an injunction, but instead remanded to the district court to weigh the equities between remanding to the Corps and enjoining the work called for by the permit.[5]

My broader objection, noted above, is that this motions panel is preempting the merits panel's consideration of whether this path should be followed. In addition, even if we expedite the appeal of the preliminary injunction, Bayou Bridge's work in the basin will continue for another four to eight weeks and may very well moot out the appeal.

For these reasons, I would deny the emergency motion for stay.

---

[2] *See id.* § 332.3(b)(1).

[3] 5 U.S.C. § 706(2)(a). The DC Circuit and others have recognized that remand without vacatur is appropriate in certain circumstances. *See, e.g., Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993). However, vacatur is the ordinary remedy. *See, e.g., Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998). In any event, the decision whether to remand with or without vacatur has only been undertaken by merits panels with a complete record before them. *See, e.g., Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 194–96 (D.C. Cir. 2009).

[4] *See* 5 U.S.C. § 706(2)(a).

[5] I have found no cases where a motions panel of a circuit court has reached out to engage in discussing a remand to the agency.